UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREL HENDRICKS,

    Plaintiff,

v.                                          Case No. 07-10404
                                                Hon. Sean F. Cox

JOEL ASH, et al.,

    Defendants.
_____

## **OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for summary judgment. Both parties have briefed the issues and a hearing was held January 24, 2008. For the following reasons, the Court **GRANTS** Defendants' Motion for summary judgment.

### I.  BACKGROUND

This action arises out of the arrest of Plaintiff, Darrel Hendricks. On January 29, 2005, Plaintiff and two friends went to the VG's Food Center in Howell, Michigan. One of Plaintiff's friends, Ryan Parlove, was detained by store employees for suspected shoplifting. A struggle ensued between Parlove and the store employees. Plaintiff claims he remained near the grocery carts eating a bag of chips during the altercation. Officers claim that when they arrived, store employees implicated Plaintiff as one of the people involved. According to the Officers, Plaintiff engaged in the struggle with Parlove, attempting to help him flee the store. Officers also claim they smelled alcohol on Plaintiff and requested he submit to a preliminary breath test. Plaintiff refused.

1

Defendant officers arrested Plaintiff for unarmed robbery and minor in possession. On March 9, 2005, the 53rd District Court in Livingston County bound the matter over for trial. However, the charges were subsequently amended to assault and battery and minor in possession. The matter went to trial on June 22, 2006. The jury found Plaintiff not guilty.

On January 25, 2007, Plaintiff filed a Complaint alleging: (1) violation of 42 U.S.C. § 1983 pursuant to the Fourth and Fourteenth Amendment; (2) violation of 42 U.S.C. § 1985; (3) gross negligence; (4) violations of the Michigan Constitution; (5) assault and battery; (6) false arrest / false imprisonment; and (7) malicious prosecution. Plaintiff named as Defendants several deputies, Livingston County, and the Livingston County Sheriff's Department. On October 24, 2007, Defendants filed the instant Motion for Summary Judgment.

In his Response to Defendants' Motion, Plaintiff agreed to dismiss Defendants Livingston County and the Livingston County Sheriff's Department. Plaintiff also agreed to dismiss his claim for "violation of the Michigan Constitution," and his municipal claims.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d

171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III. ANALYSIS

#### A. Violation of 42 U.S.C. § 1983

##### 1. Collateral Estoppel

Defendants argue that Plaintiff's claims based on false arrest are barred by collateral estoppel, because the issue of probable cause was already determined by the state court. This court must apply state law when determining whether the state court's probable cause determination has preclusive effect in a § 1983 action. *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001). Under Michigan law, collateral estoppel applies when: (1) there is identity of parties across the proceedings; (2) there was a valid, final judgment in the first proceeding; (3) the same issue was actually litigated and necessarily determined in the first proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceedings. *Id.* Further, the Sixth Circuit has held "where 'the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action.'" *Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1998)(citing *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987)(*overruled on other grounds*)).

Defendants assert that Plaintiff, who was bound over for trial on the original charges, had a full and fair opportunity to litigate the issue of probable cause. A preliminary hearing was

3

held, at which Plaintiff's attorney argued, witnesses were called, and the court allowed the parties to submit additional briefing. [Motion, Exhibit 8]. Plaintiff also filed a motion to quash the bind over, which was denied. [Motion, Exhibit 9]. Plaintiff does not deny that he had a full and fair opportunity to litigate whether there was probable cause for his arrest at his preliminary hearing. Instead, Plaintiff appears to argue that the outcome of the preliminary hearing was not a "final judgment," rather the jury verdict was the final judgment. [Response, p.5]. In addition, Plaintiff asserts the state district court judge's finding on probable cause was not "actual litigation." [Response, p.6]. Lastly, at the hearing, Plaintiff argued that because the charges were subsequently amended, the finding of probable cause related to the armed robbery charge was insufficient to support collateral estoppel.

Plaintiff's arguments are without merit. First, Plaintiff does not address the Sixth Circuit precedent that holds that a finding of probable cause at a preliminary hearing, where the defendant contests probable cause, forecloses subsequent § 1983 litigation. Second, the district court judge's ruling following the preliminary examination is a final judgment for purposes of the issue of probable cause because the matter is resolved at that point. The issue then becomes guilt or innocence of the crimes charged. Plaintiff's argument that a preliminary examination is not "actual litigation" is untenable. As the Sixth Circuit has held, "[s]ince an accused has the right to call witnesses and cross-examine witnesses produced by the State, a preliminary hearing is an adversary proceeding under Michigan law." *Coogan*, 820 F.2d at 175. Finally, whether the charges against Plaintiff were subsequently amended or even dropped following the preliminary exam is irrelevant. The only issue is whether the state court ruled on the lawfulness of Plaintiff's arrest. The state court found there was probable cause to arrest Plaintiff.

4

Plaintiff does not present any evidence that collateral estoppel is inapplicable. Accordingly, because the issue of probable cause was already decided in the state court action and that determination is binding here, Defendants are entitled to summary judgment on Plaintiff's claims for violation of 42 U.S.C. § 1983 pursuant to the Fourth Amendment. Defendants are also entitled to summary judgment on Plaintiff's common-law claims for false arrest / false imprisonment. Because these claims are dismissed, the Court does not reach Defendants other arguments with respect to these claims.

Plaintiff also seems to assert a claim for excessive force under 42 U.S.C. § 1983. Defendants argue that none of the officers touched Plaintiff except for handcuffing him, which they claim was reasonable. Plaintiff does not direct the Court to any evidence that excessive force was used against Plaintiff. At the hearing, Plaintiff indicated there is no evidence of excessive force. However, Plaintiff argues that he was innocent and should not have been arrested in the first place. That issue is not before the Court. What is before the Court for purposes of this claim is whether Defendants used an unreasonable amount of force against Plaintiff. Plaintiff does not argue that they did, much less submit evidence that they did. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim for excessive force.

**B.      Violation of 42 U.S.C. § 1985**

Plaintiff alleges a violation of 42 U.S.C. § 1985. "Section 1985(3) prohibits a conspiracy 'for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005)(citation omitted). "To prevail on a §

1985 (3) claim, one must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Id.* (citation omitted).

Plaintiff claims there was a conspiracy between the officers and the store employees. However, Plaintiff does not direct the Court to any evidence to support his claims. The fact, according to Plaintiff, that the store employee's testimony changed when the issue went to trial over a year later is not by itself evidence of a conspiracy. It does not indicate that there was an agreement between the store employees and the officers. To the extent Plaintiff argues there was a conspiracy among the officers themselves, his claim is barred by the intra-corporate conspiracy doctrine. See *United Food and Commercial Workers local 1099 v. City of Sydney*, 364 F.3d 738, 753 (6th Cir. 2004). Thus, Defendants are entitled to summary judgment on Plaintiff's claim for violation of 42 U.S.C. § 1985.

### C. Gross Negligence

Plaintiff alleges Defendants were grossly negligent in arresting Plaintiff without probable cause. "Due to the fact that there was no probable cause to arrest Mr. Hendricks for being a minor in possession or assault and battery, Defendants acted with gross negligence in depriving him he [sic] right to be free from unreasonable searches and seizures, right to be free from being unlawfully arrested and unlawfully imprisoned." [Response, p.18].

Assuming without deciding that Plaintiff adequately alleges a claim for gross negligence, his claim fails. As discussed above, this Court is bound by the state court finding that there was

probable cause to arrest Plaintiff. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim of gross negligence, premised on a lack of probable cause.

### D. Assault and Battery

Similar to Plaintiff's claim for excessive force, Plaintiff fails to offer evidence of unlawful touching. Further, Plaintiff argues "the assault and battery claims stem directly from the fact that the Defendants had no probable cause to make an arrest." [Response, p.19]. Again, assuming without deciding that Plaintiff adequately alleges a claim for assault and battery, his claim fails. Consistent with the above, this Court is bound by the state court finding that there was probable cause to arrest Plaintiff. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim of assault and battery, premised on a lack of probable cause.

### E. Malicious Prosecution

Plaintiff alleges malicious prosecution. "Under Michigan tort law, a plaintiff seeking to sue on the grounds of malicious prosecution must prove the following four elements: (1) that the defendant has initiated a criminal prosecution against him; (2) that the criminal proceedings terminated in his favor; (3) that the private person who instituted or maintained the prosecution lacked probable cause for his action; and (4) that the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001).

Defendants allege that Plaintiff cannot maintain his claim for malicious prosecution because of the state court finding that there was probable cause for Plaintiff's arrest. However, "a finding of probable cause in a prior criminal proceeding does not bar a plaintiff in a subsequent civil action from maintaining a claim for malicious prosecution under Michigan law
7

where the claim is based on a police officer's supplying false information to establish probable cause." *Hinchman v. Moore*, 312 F.3d 198, 202-203 (6th Cir. 2002)(citing *Darrah*, 255 F.3d at 311).[1] However, at the hearing, Plaintiff indicated there is no evidence that Defendants supplied the prosecution with false information. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim for malicious prosecution.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for summary judgment.

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated: February 12, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2008, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**

---

[1] The *Hinchman* court noted that it found the logic of *Darrah* questionable, but that it was nonetheless bound to follow it. *Hinchman*, 312 F.3d at 203.